******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* VICTOR SMALLS
(SC 19014)

Rogers, C. J., and Palmer, Zarella, Eveleigh, McDonald, Espinosa and Robinson, Js.

Argued April 23—officially released June 10, 2014

*Raymond L. Durelli*, assigned counsel, for the appellant (defendant).

*Rita M. Shair*, senior assistant state's attorney, with whom were *David I. Cohen*, state's attorney, and, on the brief, *James Bernardi*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Victor Smalls, was convicted, after a jury trial, of murder in violation of General Statutes § 53a-54a and carrying a pistol without a permit in violation of General Statutes § 29-35 (a). The trial court rendered judgment in accordance with the jury's guilty verdict and sentenced the defendant to a total effective sentence of forty-five years imprisonment. The defendant appealed from the trial court's judgment to the Appellate Court, claiming, inter alia, that the trial court improperly concluded that there was sufficient evidence to sustain the defendant's conviction for murder as either a principal or as an accessory. *State* v. *Smalls*, 136 Conn. App. 197, 202, 44 A.3d 866 (2012).[1] The Appellate Court concluded that "[a]lthough the evidence did not reveal whether it was the defendant or [the other participant in the shooting] who had fired the shot that fatally wounded the victim, the jury reasonably could have determined that there was sufficient concert of action between the defendant and [the other participant] to support the accessory allegation"; id., 204–205; and, therefore, "the evidence was sufficient to support the defendant's conviction for murder as a principal or an accessory." Id., 205. Accordingly, the Appellate Court affirmed the trial court's judgment. Id., 210. We thereafter granted the defendant's petition for certification to appeal, limited to the following issue: "Did the Appellate Court properly apply the concert of action doctrine; see *State* v. *Diaz*, 237 Conn. 518, 679 A.2d 902 (1996); in concluding that there was sufficient evidence to support the defendant's conviction for murder as either a principal or an accessory?" *State* v. *Smalls*, 306 Conn. 906, 52 A.3d 732 (2012).

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.

[1] The defendant also claimed that the trial court improperly found that there was sufficient evidence to support a finding of probable cause that the defendant caused the death of the victim, Edgar Sanchez. *State* v. *Smalls*, supra, 136 Conn. App. 205. The Appellate Court rejected this claim; see id., 205–10; and it is not part of the appeal to this court.